IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICK ROBINSON, | ) |
| Plaintiff, | ) 8:16CV402 |
| V. | ) |
| BRIDGEPORT EDUCATION ASSOCIATION, and NEBRASKA STATE EDUCATION ASSOCIATION, | ) **MEMORANDUM AND ORDER** |
| Defendants. | ) |

This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). The court will allow this action to proceed to service of process.

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II.  SUMMARY OF COMPLAINT

Liberally construed, Plaintiff maintains that Defendants are labor unions, and that at all times relevant to this action, Plaintiff was a dues-paying member. (Filing No. 1.) Plaintiff alleges that while he was employed by Bridgeport Public Schools, he informed Defendants that he was suffering from a hostile work environment. Plaintiff claims that Defendants did not act to remedy the situation, and ultimately declined to represent him in a hostile work environment claim against Bridgeport Public Schools.

Plaintiff alleges that he filed a charge of discrimination against Defendants with the EEOC and NEOC on August 11, 2014. Thereafter, on August 28, 2014, Defendants held a members meeting, of which Plaintiff was not notified. At the meeting, union members purportedly discussed Plaintiff's discrimination claim and made disparaging comments about him.

Plaintiff alleges he was suspended from his employment with Bridgeport Public Schools on September 4, 2014, and that his employment contract was terminated shortly thereafter. Following his termination, Plaintiff filed another charge of discrimination with the EEOC and NEOC against Defendants, asserting he was retaliated against for filing a charge of discrimination. He received a right-to-sue notice on May 31, 2016. Plaintiff filed this action on August 19, 2016, within 90 days of receiving the right-to-sue notice.

## III.  DISCUSSION

### 1.    Retaliation

Liberally construed, Plaintiff claims he was retaliated against for filing a charge of discrimination with the EEOC and NEOC.  Under Title VII, it is unlawful for "a labor organization to discriminate against any member thereof . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3.  In order to establish a prima facie case of retaliation, Plaintiff must show that (1) he filed a charge of unlawful discrimination, (2) Defendants took adverse action against him, and (3) that the adverse action was linked to the filing of the charge of discrimination.  *Martin v. Local 1513*, 859 F.2d 581, 585 (8th Cir. 1988).

Plaintiff alleges that shortly after he filed a charge of discrimination, Defendants conspired with Bridgeport Public Schools and held a members-only meeting from which he was purposefully excluded.  At that meeting, Defendants' members discussed Plaintiff's discrimination claim and made disparaging comments about him.  Shortly following the meeting, he was suspended from his employment with Bridgeport Public Schools and ultimately terminated.

While it remains to be seen whether the actions taken by Defendants were motivated by retaliatory intent, Plaintiff's allegations are sufficient to pass initial review under 28 U.S.C. § 1915(e).  Therefore, the court will direct that this matter proceed to service of process.

### 2.    State-Law Claims

Plaintiff also asserts state-law claims for tortious interference with employment and negligence.  At this stage of the proceedings, the court makes no finding with respect to its jurisdiction over Plaintiff's state-law claims or whether they state a plausible claim for relief.

IT IS THEREFORE ORDERED that:

1.      This case may proceed to service of process. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send two summons forms and two USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

2.      Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

3.      [Federal Rule of Civil Procedure 4](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

5.      The clerk of court is directed to set a case management deadline in this case with the following text: "April 4, 2017: Check for completion of service of summons."

6.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address

at all times while this case is pending. Failure to do so may result in dismissal.

7. Pursuant to this Memorandum and Order directing service, and at the direction of the court, this case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from Chief District Court Judge Laurie Smith Camp.

DATED this 5th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge